IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Ruppel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  16 C 7353 |
| | ) | |
| Cavalry SPV I, LLC, a Delaware limited | ) | Judge |
| liability company, and Cavalry Portfolio | ) | Magistrate Judge |
| Services, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Deborah Ruppel, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Deborah Ruppel ("Ruppel"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent, time-barred consumer debt by filing a proof of claim in her bankruptcy matter.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Cavalry operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CPS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CPS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

6. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, through its sister company, Defendant CPS, via filing proofs of claim in consumer bankruptcies.

7. Defendants Cavalry and CPS are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct extensive business in Illinois.

8. Defendants Cavalry and CPS are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Due to financial difficulties, during 2008 Ms. Ruppel was forced to stop paying her debts, which included a debt she allegedly owed for a HSBC/Orchard Bank credit card. After this debt became delinquent, it was allegedly transferred/sold to Defendant Cavalry.

10. Ultimately, Ms. Ruppel filed a Chapter 13 bankruptcy petition in a matter styled In re: Ruppel, N.D. Ill. Bankr. No.15-41893. Although the statute of limitations in the State of Illinois for collecting delinquent credit card debts, for which no written contract can be produced, is five years from the date of the last payment, see, § 735 ILCS 5/13-205, on December 14, 2015, CPS filed a proof of claim for Cavalry against Ms. Ruppel in her bankruptcy to collect on a debt which had been delinquent since September 13, 2008.

11. Specifically, Claim No.1, in the amount of $751.99, was filed by Defendants as to an HSBA/Orchard Bank that was allegedly owed by Ms. Ruppel, even though the debt had been charged-off since March 31, 2009. A copy of this proof of claim is attached as Exhibit C.

12. Accordingly, Ms. Ruppel's bankruptcy counsel was forced to object to Defendants' time-barred proof of claim via a written objection, which was filed on June 6, 2016. A copy of this objection, without exhibits, is attached as Exhibit D.

13. On July 8, 2016, the Bankruptcy Court sustained the objection and disallowed Defendants' time-barred proof of claim. A copy of the Court's Order is attached as Exhibit E.

14. Defendants at all times relevant hereto knew that they did not have a written contract as evidence of the debt and that Illinois' five-year statute of limitations applied to the debt they were attempting to collect from Ms. Ruppel.

15. Defendant's violations of the FDCPA were material because Defendants were attempting to collect a debt which was legally unenforceable and required Plaintiff to take action to stop their unlawful collection attempt. This unlawful collection attempt could potentially require Plaintiff to pay more to resolve her bankruptcy and/or deprive creditors with legitimate claims of their rightful share of the bankruptcy estate.

16. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading means in connection with the collection of any debt, see, 15 U.S.C. § 1692e, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and/or the

taking or threatening to take actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

20. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013) (time-barred lawsuit); McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014)(time-barred letter); Crawford v. LVNV Funding, 758 F.3d 1254, 1259-1262 (11th Cir. 2014)(filing time-barred proof of claim).

21. By filing a bankruptcy proof of claim on a debt that was plainly time-barred, Defendants Cavalry and CPS falsely represented the legal status of the debt and took actions that they could not legally take and, thus, violated §§ 1692e(2)(A) and 1692e(5) of the FDCPA. Moreover, Defendants' actions also violated § 1692e of the FDCPA's general prohibitions against false, deceptive of misleading collection actions.

22. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

23. Plaintiff adopts and realleges ¶¶ 1-17.

24. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

25. Defendants, by attempting to collect a time-barred debt by filing a proof of claim in Plaintiff's bankruptcy matter, used an unfair or unconscionable means to collect

5

a debt, in violation of § 1692f of the FDCPA.  See, Crawford, 758 F.3d at 1259-1262 (filing time-barred proof of claim).

26. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Deborah Ruppel, prays that this Court:

1. Find that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Deborah Ruppel, demands trial by jury.

Deborah Ruppel,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  July 19, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com